1

THE HONORABLE MARY ALICE THEILER

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

9

| | |
|---|---|
| MICHAEL D. CASTRO, an individual, | Case No. 2:17-cv-00008 |
| Plaintiff, | PRAECIPE |
| v. | |
| TRI MARINE FISH COMPANY, LLC, an unknown entity; TRI MARINE MANAGEMENT COMPANY, LLC, an unknown entity; TRI MARINE FISHING MANAGEMENT, LLC, an unknown entity; CAPE MENDOCINO FISHING, LP, an unknown entity; CAPE MENDOCINO FISHING, LLC, an unknown entity; and DOES 1 through 20, inclusive, | |
| Defendants. | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Defendants Tri Marine Fish Company, LLC, Tri Marine Management Company, LLC, Tri Marine Fishing Management, LLC, Cape Mendocino Fishing, LP, and Cape Mendocino Fishing, LLC (collectively, "Defendants"), respectfully submit this praecipe regarding Defendants' Notice of Removal.  Specifically, Defendants are filing this praecipe to attach the King County Superior Court Seaman's Complaint for Personal Injuries – Jones Act Negligence, Unseaworthiness, Maintenance and Cure and Statutory Wages and Demand for Jury Trial to the Notice of Removal as a separate attachment.  That Complaint is attached to this praecipe as Exhibit A.

PRAECIPE
CASE NO. 2:17-CV-00008 - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\124474\218360\DBO\19799231.1

1
Dated this 6th day of January, 2017.

2
SCHWABE, WILLIAMSON & WYATT, P.C.

3

4
By:     /s/ David R. Boyajian

5
David R. Boyajian, WSBA #50195
Email:   dboyajian@schwabe.com

6
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010

7
Telephone:     206.622.1711
Facsimile:      206.292.0460

8
*Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PRAECIPE
CASE NO. 2:17-CV-00008 - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\124474\218360\DBO\19799231.1

**EXHIBIT A**

**EXHIBIT A**

FILED

16 NOV 22 AM 11:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-28412-4 SEA

1

2

3

4

5

6

7

8                               SUPERIOR COURT OF WASHINGTON

9                                   IN AND FOR KING COUNTY

10

11   MICHAEL D. CASTRO, an individual,        )   Case No.
                                              )
12                       Plaintiff,           )   **SEAMAN'S COMPLAINT FOR**
     vs.                                      )   **PERSONAL INJURIES - JONES**
13                                            )   **ACT NEGLIGENCE;**
                                              )   **UNSEAWORTHINESS;**
14   TRI MARINE FISH COMPANY, LLC, an         )   **MAINTENANCE AND CURE; AND**
     unknown entity; TRI MARINE               )   **STATUTORY WAGES**
15   MANAGEMENT COMPANY, LLC, an              )
     unknown entity; TRI MARINE FISHING       )   **DEMAND FOR JURY TRIAL**
16   MANAGEMENT, LLC., an unknown entity;     )
     CAPE MENDOCINO FISHING, LP, an           )
17   unknown entity; CAPE MENDOCINO           )
     FISHING, LLC, an unknown entity; and     )
18   DOES 1 through 20, inclusive,            )
                                              )
19                                            )
                         Defendants.          )
20                                            )
     _____  )
21

22

23          COMES NOW Plaintiff MICHAEL D. CASTRO (hereinafter "Plaintiff"), and complains

24   of against Defendants TRI MARINE FISH COMPANY, LLC an unknown entity; TRI MARINE

25   MANAGEMENT   COMPANY,   LLC,   an   unknown   entity;   TRI   MARINE   FISHING

26   MANAGEMENT, LLC, an unknown entity; CAPE MENDOCINO FISHING, LP, an unknown

27

28

---

SEAMAN'S COMPLAINT FOR PERSONAL                              **John W. Merriam**
INJURIES - JONES ACT; UNSEAWORTHINESS;              4005 20th Avenue West, Suite 110
MAINTENANCE AND CURE; AND STATUTORY                           Seattle, WA 98199
WAGES                                           T: (206) 729-5252 F: (206) 729-1012
Case No.                              1

entity; CAPE MENDOCINO, LLC, an unknown entity; and, DOES 1 through 20, inclusive, (collectively referred to hereinafter as "Defendants"), and alleges in this Complaint as follows:

## I.

## <u>GENERAL ALLEGATIONS</u>

1.      Jurisdiction in this case is based upon the general jurisdiction of this Court and the Admiralty and Maritime Jurisdiction under 28 U.S.C. § 1333 ["savings to suitors" clause], and 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688) ["Jones Act"]. The General Maritime Law of the United States as well as any applicable federal statutes apply in this case.

2.      Plaintiff MICHAEL D. CASTRO, an individual, was at all times herein mentioned a seaman and entitled under the provisions of 28 U.S.C. § 1916 to bring this complaint without prepayment of costs or posting of bond.

3.      At all times relevant to this action, Plaintiff was a citizen of The Republic of the Philippines and was, at the time of his injury, living and working out of the U. S. Territory of American Samoa. Plaintiff is currently residing in San Diego, California.

4.      Plaintiff is informed and believes that at all times relevant, Defendants TRI MARINE FISH COMPANY, LLC, an unknown entity; TRI MARINE MANAGEMENT COMPANY, LLC, an unknown entity; TRI MARINE FISHING MANAGEMENT, LLC, an unknown entity; CAPE MENDOCINO FISHING, LP, an unknown entity; CAPE MENDOCINO FISHING, LLC, an unknown entity; and, DOES 1 through 20, inclusive, were and are doing business entities headquartered and/or doing business in King County, State of Washington. Jurisdiction and venue are therefore proper in this Court.

5.      The action arises out of an accident which occurred on July 30, 3013, and is subject to the three year statute of limitations applicable to maritime personal injury/Jones Act cases. Plaintiff timely filed his "Seaman's Complaint For Personal Injuries-Jones Act Negligence; Unseaworthiness; Maintenance and Cure; and Statutory Wages and Demand for Jury Trial" in the Superior Court of California, County of Los Angeles, Case No. BC 628439 on July 27, 2016. Thereafter, on October 24, 2016, Defendants filed a Notice of Removal of the action to United States District Court for the Central District of California, Case No.

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE AND CURE; AND STATUTORY WAGES              2              Case No.

Page  –  5

1  2:16-cv-07907.  Plaintiff thereafter agreed to re-file this Complaint in the Superior Court of
2  Washington, King County and litigate in Washington before a jury, and Defendants agreed to
3  waive any defense based on statute of limitations to allow the within action to be filed, litigated
4  and, if necessary, tried before a jury in this Court.  Moreover, the claims asserted here against
5  Defendants are timely by virtue of the doctrine of equitable tolling.

6      6.    At all times relevant, Defendants' vessel, F/V CAPTAIN VINCENT GANN
7  ("Vessel"), was and is a commercial fishing vessel, documented under the flag of the United
8  States with U.S. Coast Guard Official Number 9018880, and was afloat upon navigable waters
9  of the Pacific Ocean.  At all times relevant, the Vessel sailed on voyages to and from a U.S. port
10 and was at least 20 gross tons as measured under 46 U.S.C. §§ 14502, 14302, and 14104.

11     7.    At all times relevant, Defendants were the owners, operators and managers of the
12 Vessel and the alter egos of each other.  At all times relevant, Plaintiff is informed and believes
13 that the Defendants owned, operated, managed, maintained, controlled, chartered and navigated
14 the Vessel and employed its crew.

15     8.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein
16 as DOES 1 through 20 and therefore Plaintiff sues these Defendants by such fictitious names.
17 Plaintiff will amend the Complaint to allege their true names and capacities when ascertained.
18 In the meantime, Plaintiff is informed and believes that each of the fictitiously-named
19 Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's
20 damages as herein alleged were legally caused by such Defendants.

21     9.    Plaintiff is informed and believes that all of the Defendants, including those sued
22 as DOES 1 through 20, were and are the agents, alter egos, partners, joint venturers, co-
23 conspirators, principals, shareholders, servants, employers, employees and the like of their co-
24 Defendants, and in doing the things hereinafter mentioned, were acting within the course and
25 scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators,
26 principals, shareholders, servants, employers, and employees and the like with the permission,
27 ratification or consent of their co-Defendants and thus are legally liable for punitive damages
28 resulting from the acts or omissions of the others.

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES          3          Case No.

Page  –  6

10.     In July 2013, Plaintiff was employed by Defendants, and was working aboard the Vessel as a seaman under the general maritime law of the United States and the Jones Act at the specific request and for the benefit of the Vessel and Defendants.

11.     On July 30, 2013, Plaintiff sustained an accident ("Accident") on the high seas of the Western Pacific Ocean while the Vessel was in the process of fishing. The Accident occurred as Plaintiff was headed to the engine room to assist other crewmembers to move an empty drum of oil. He had just come from the galley and was proceeding down a set of stairs when he slipped on the third step, falling and landing at the bottom of the stairs. Plaintiff's fall was caused by, among other things, the presence of oil and water on the steps, by a lack of sufficient lighting on the steps, and also by the lack of any non-stick tread or surface material or any other means of preventing a slippery condition on the steps. When Plaintiff fell, his right leg and knee twisted in such a way as to severely injure his right knee. Plaintiff was injured in the Accident through no fault of his own but as a legal result of the wrongful acts and/or omissions of the Defendants or their agents. Plaintiff's injury has been diagnosed as a torn ACL and ruptured meniscus. At least one surgery was necessary, and screws were placed in his knee.

12.     On February 28, 2014, Plaintiff and Defendants Tri Marine Fishing Management, LLC, Cape Mendocino Fishing, LP as well as CHF GP, LLC and Cape Fisheries Holdings, LP entered into a settlement agreement of Plaintiff's claims arising out of personal injuries sustained in his Accident. The Release Agreement purported to release said Defendants from all claims arising out of his July 30, 2013, Accident on board the Vessel in exchange for the total sum of $16,160. The Release Agreement was executed by Plaintiff and Defendants at the offices of a "maritime arbitrator" in Manila, Philippines.

13.     The Release Agreement is null, void and/or unenforceable against Plaintiff for the following reasons, including, but not limited to:

(a)     The amount of $16,160 offered to and accepted by Plaintiff from Defendants in satisfaction of his personal injury claim was inadequate and insufficient given the severe and disabling nature of his knee injury;

(b)     Plaintiff was treated only by physicians and healthcare providers hired by

---

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE AND CURE; AND STATUTORY WAGES                4                Case No.

Page – 7

Defendants who advised Plaintiff that his condition was less serious than Defendants knew or by the exercise of reasonable care should have known;

(c)    Plaintiff lacked any legal advice at the time he signed the Release Agreement with respect to his claim for damages based upon Defendants' negligence and signed the Release Agreement without any understanding that he had the option of bringing such a claim;

(d)    Plaintiff lacked any legal advice at the time he signed the Release Agreement and was not fully advised of his rights under the Jones Act and in fact was told by Defendants and their representatives that the Jones Act did not apply to him because he was in the Philippines and Jones Act only applied to claims in the United States;

(e)    Defendants failed to make a full, fair and complete disclosure to Plaintiff of all his rights, including his right to sue for damages under the Jones Act and his right to wages and maintenance and cure under the applicable seamen's laws;

(f)    Plaintiff was never informed by Defendants that he had a right to payment of his medical expenses until he reached maximum medical improvement and in fact, at the time Plaintiff signed the Release Agreement, he was not at maximum medical improvement; and

(g)    The Release Agreement, which was written in English, was read out loud to him in English without a translation into Plaintiff's native language of Tagalog or any opportunity to ask questions or request explanation of the terms and conditions of the Release Agreement in his native language of Tagalog.

14.    In addition to the foregoing, Plaintiff was coerced by Defendants into executing the Release Agreement by false, misleading and deceptive statements including but not limited to:

(a)    Plaintiff had reached and exhausted the maximum amount of medical care from the Vessel that he would ever receive for his right knee injury and there would be no more medical care expenses paid on his behalf by Defendants whether

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES                    5                    Case No.

Page  –  8

1             Plaintiff signed the Release Agreement or not;

2    (b)    The Vessel's physician who was hired to treat Plaintiff said Plaintiff's knee

3             injury was sufficiently healed that he could return to work;

4    (c)    The amount of consideration given, $16,160, was a lot of money for the type of

5             injury Plaintiff suffered;

6    (d)    The sum of $16,160 was the most money he would ever get to compensate him

7             for his injury;

8    (e)    Plaintiff had no right to sue or make any further claim against the Defendants

9             for his injury because Defendants had paid his medical expenses and given him

10             an allowance, so he may as well sign the Release Agreement and accept the

11             $16,160;

12    (f)    The Defendants were being kind and generous in helping Plaintiff with his

13             medical expenses and the paying him the $16,160 in settlement;

14    (g)    There is no Jones Act in the Philippines, the Jones Act did not apply to Plaintiff

15             because the Jones Act only applies to the United States and not the Philippines;

16             and

17    (h)    If Plaintiff did need medical care for his right knee injury in the future, he

18             could go back to Defendants and request it.

19     15.    As a result of the wrongful conduct of Defendants in the manner in which

20 Plaintiff's agreement to the terms and conditions of the Release Agreement was obtained, the

21 Release Agreement is null and void and therefore unenforceable as against Defendants.

22     16.    Defendants obtained Plaintiff's signature on the Release Agreement by over-

23 reaching and taking advantage of Plaintiff and Plaintiff's lessor bargaining position in that

24 the Release Agreement was not fair toward Plaintiff, as a ward of the Admiralty Court, in all

25 respects and executed with a full understanding by Plaintiff of the nature and extent of

26 Defendants' potential tort liability.  Accordingly, it is Defendants who will have the burden

27 of proving the validity and enforceability of the Release Agreement.

28 *///*

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES      6        Case No.

Page - 9

## II.

### FIRST CAUSE OF ACTION

(Jones Act Negligence)

17.     Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 16, above.

18.     At all relevant times, Defendants were guilty of negligence or wrongful acts or omissions, including, but not limited to, the following:

(a)     Failing to provide Plaintiff with a safe place in which to work, including, without limitation, failing to provide safe: apparel, equipment, lines, cables, decks, stairs, steps, walking surfaces, railings, lighting, hardware, machinery, fittings, appliances, appurtenances, tackle, gear, tools, work methods, training, direct orders, standing orders or procedures and crew;

(b)     Failing to use reasonable care under the circumstances to have the Vessel's, apparel, equipment, lines, cables, decks, stairs, steps, walking surfaces, railings, lighting, hardware, machinery, fittings, appliances, appurtenances, tackle, gear, tools, work methods, training, direct orders, standing orders or procedures and crew in such a seaworthy condition that Plaintiff would be able to perform his duties with reasonable safety;

(c)     For violating laws, statutes, regulations and/or industry standards enacted to promote safety of seamen and of life at sea;

(d)     Failing to provide adequate safety measures;

(e)     Failing to provide and/or maintain an adequate non-skid and/or other appropriate material on the surface of the step and stairs Plaintiff was using at the time of the Accident and proper lighting so as to prevent Vessel crew members including Plaintiff from slipping and falling on said step and stairs;

(f)     Failing to provide proper inspection and maintenance of walking surfaces including the step and stairs which Plaintiff was using at the time of the Accident so as to keep them free of hazardous conditions;

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE AND CURE; AND STATUTORY WAGES          7                    Case No.

Page  –  10

(g)   Failing to prevent the presence of a slippery substance on the step and stairs Plaintiff was using at the time of the Accident and thereby causing a hazard to Vessel crew members, including Plaintiff;

(h)   Failing to warn crewmembers including Plaintiff working on and around the step and stairs Plaintiff was using at the time of the Accident of the presence of a dangerous condition;

(i)   Failing to have adequate inspection, maintenance and repair programs that ensured the seaworthy condition of the apparel, equipment, lines, cables, decks, stairs, steps, walking surfaces, railings, lighting, hardware, machinery, fittings, appliances, appurtenances, tackle, gear and tools that were involved in causing the Plaintiff's Accident;

(j)   Failing to adequately and regularly inspect the apparel, equipment, lines, cables, decks, stairs, steps, walking surfaces, railings, lighting, hardware, machinery, fittings, appliances, appurtenances, tackle, gear and tools that were involved in causing the Plaintiff's Accident prior to their use, and allowing the equipment to fall into such a state of disrepair as to be unseaworthy;

(k)   Failure to exercise due care in selecting competent master and crew;

(l)   Allowing dangerous or unsafe work or manner of work;

(n)   Failing to properly train and supervise its employees;

(m)   Negligent orders, instructions or suggestions by Defendants' supervisors;

(n)   Failing to make inspections;

(o)   Failing to give warnings of a known hazard;

(p)   Failing to comply with industry custom and practices;

(q)   Failing to have proper safety and medical equipment on board the Vessel;

(r)   Failing to provide safety rules;

(s)   Failing to recognize danger and take corrective action;

(t)   Failing to perform a job hazard analysis; and

(u)   Failing to provide prompt adequate medical treatment aboard ship and provide

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE AND CURE; AND STATUTORY WAGES          8          Case No.

Page – 11

1    prompt adequate maintenance and cure.

2    19.    As a legal result of the aforesaid negligent acts or wrongful acts or omissions,

3    among others, Defendants breached the duty of care they owed to Plaintiff.

4    20.    As a legal result of the aforesaid negligent acts or wrongful acts or omissions,

5    Plaintiff has sustained and will continue to sustain serious and grievous physical and emotional

6    injuries.  As a result of said injuries Plaintiff has sustained and will continue to sustain non-

7    economic damages, including without limitation, damages for pain, suffering, emotional distress

8    and disfigurement.

9    21.    As a further legal result of the aforesaid negligent and/or wrongful acts or

10   omissions of Defendants, Plaintiff has sustained and will continue to sustain economic damages,

11   including and without limitation, damages for: the loss of past and future wages and income, the

12   loss of past and future earnings capacity, the cost of past and future medical expenses, the loss

13   of past and future life care expenses, and the loss of employment benefits including without

14   limitation, Found.

15   22.    The foregoing wrongful acts or omissions occurred as a result of Defendants'

16   wilful and arbitrary or wanton disregard of their obligations under the Jones Act to avoid

17   exposing seamen to an unreasonable risk of harm.  The willful and wanton acts alleged herein

18   were consented to, ratified or participated in by the management of Defendants or their

19   managing agents.  As a result, Plaintiff is entitled to an award of punitive damages, including

20   without limitation, general punitive damages and reasonable attorneys' fees and costs against

21   Defendants.

22   23.    As a further legal result of the aforesaid negligence and other wrongful acts,

23   Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

### III.

### SECOND CAUSE OF ACTION

(Unseaworthiness)

24.    Plaintiff refers to and by that reference incorporates as though fully set forth herein

each and every allegation contained in paragraphs 1 through 23, above.

---

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES          9          Case No.

Page  –  12

25.     At all times herein relevant, Plaintiff was acting in the service of the Vessel and Defendants and was performing duties of the type traditionally performed by a seaman.

26.     At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to Plaintiff that the Vessel, its apparel, equipment, lines, cables, decks, stairs, steps, walking surfaces, railings, lighting, hardware, machinery, fittings, appliances, lighting, appurtenances, tackle, gear, tools, crewmembers, work methods, medical treatment and maintenance and cure policies were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

27.     Defendants and each of them breached this warranty in that the Vessel, its apparel, equipment, lines, cables, decks, stairs, steps, walking surfaces, railings, lighting, hardware, machinery, fittings, appliances, lighting, appurtenances, tackle, gear, tools, crewmembers, work methods, medical treatment and maintenance and cure polities were neither seaworthy nor in compliance with applicable laws, rules and regulations enacted for the safety of the crew. Further, the acts of negligence set forth in the First Cause of Action were of such a duration as to become conditions of the Vessel and therefore were further breaches of the warranty of seaworthiness.  The refusal or failure of Defendants to provide a seaworthy vessel was willful and wanton and with a conscious disregard for the safety of the crew.

28.     As a legal result of the aforesaid unseaworthiness, Plaintiff has sustained and will continue to sustain serious and grievous physical and emotional injuries.  As a result of said injuries Plaintiff has sustained and will continue to sustain non-economic damages, including without limitation, damages for pain, suffering, emotional distress and disfigurement.

29.     As a further legal result of the aforesaid unseaworthiness, Plaintiff has sustained and will continue to sustain economic damages, including and without limitation, damages for: the loss of past and future wages and income, the loss of past and future earning capacity, the cost of future medical expenses, the loss of past and future life care expenses, and the loss of employment benefits including, without limitation, Found.

30.     The foregoing conditions existed and caused Plaintiff injury as a result of

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE AND CURE; AND STATUTORY WAGES                    10                    Case No.

Page  –  13

1    Defendants' willful and arbitrary or wanton disregard of their obligations under the law of

2    unseaworthiness and the general maritime law to provide a seaworthy vessel. The willful and

3    wanton acts alleged herein were consented to, ratified or participated in by the management of

4    Defendants or their maritime agent. As a result, Plaintiff is entitled to an award of punitive

5    damages and reasonable attorneys' fees and costs against Defendants.

6        31.    As a further legal result of the aforesaid unseaworthiness, Plaintiff is entitled to

7    recover prejudgment interest on all damages awarded on this claim.

8                                             **IV.**

9                               **THIRD CAUSE OF ACTION**

10                              (Maintenance and Cure)

11       32.    Plaintiff refers to and by that reference incorporates as though fully set forth herein

12   each and every allegation contained in paragraphs 1 through 31, above.

13       33.    By reason of the Accident set forth in the allegations above, Plaintiff became

14   injured or ill and was disabled and is disabled from resuming any employment. Because of the

15   serious and grievous injuries suffered by Plaintiff while in the service of the Vessel, he was

16   entitled to receive from Defendants prompt and adequate medical care and maintenance and cure

17   until he reached maximum cure. Defendants failed to provide promptly all maintenance and cure

18   owed and therefore Plaintiff has been damaged to the extent of the amount of unpaid

19   maintenance and cure. As a legal result of the aforementioned failure of Defendants to provide

20   promptly all medical care and maintenance and cure owing, Plaintiff's injuries have been

21   worsened thereby entitling him to recover all resulting damages and expenses, including pain

22   and suffering and additional medical expenses as well as attorneys' fees and costs and other

23   consequential special economic and general non-economic damages.

24       34.    Defendants' failure to provide prompt adequate medical care and maintenance and

25   cure has been with a willful and arbitrary or wanton disregard for their obligations under the law

26   of maintenance and cure. As a legal result, Plaintiff is entitled to recover punitive damages,

27   including without limitation, general punitive damages and reasonable attorneys' fees and costs.

28   For the purposes of the claim herein, recoverable attorneys' fees and costs include all reasonable

---

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES            11            Case No.

1   attorneys' fees and costs expended on this case that are not solely related to the Jones Act and

2   Unseaworthiness claims herein above alleged.

3       35.    As a further legal result of Defendants' disregard of its obligations under the law

4   of maintenance and cure, Plaintiff is entitled to recover prejudgment interest on all damages

5   awarded on this claim.

6                                              **V.**

7                               **FOURTH CAUSE OF ACTION**

8           (Statutory Wages for Violation of 46 U.S.C. §§ 10601, 10602, and  11107)

9       36.    Plaintiff refers to and by that reference incorporates as though fully set forth herein

10  each and every allegation contained in paragraphs 1 through 35, above.

11      37.    At all times relevant, Plaintiff was employed by Defendants as a commercial

12  fisherman without a valid or enforceable written fishing agreement or contract of employment.

13  Among other things, Defendants did not enter into a fishing agreement or contract of

14  employment that satisfies the requirements of 46 U.S.C. § 10601 and other Sections of 46 U.S.C.

15  Part G - *MERCHANT SEAMEN PROTECTION AND RELIEF ACT.*  Moreover, any alleged

16  fishing agreements or contracts of employment between Plaintiff and Defendants were not

17  properly formed or enforceable under applicable laws, treaties or conventions, including without

18  limitation, 46 U.S.C. § 11107, the Maritime Labour Convention of 2006, the laws protecting

19  seamen as wards of admiralty and the law of adhesion, duress, coercion, mistake and

20  unconscionability.  Consequently, any fishing agreement or contract of employment agreement

21  alleged by Defendants between Plaintiff and Defendants is null and void.

22      38.    By reason of the Defendants' violations of the law, including but not limited to

23  Defendants' failure to have valid signed fishing agreements, as required by 46 U.S.C. § 10601,

24  or to provide an accounting of the catch as required by 46 U.S.C. § 10602, Plaintiff is entitled

25  under 46 U.S.C. § 11107 to statutory wages or the like measured by the higher of any agreed rate

26  for the seaman or the highest rate for any seaman at the port where Plaintiff was engaged, the

27  exact amount to be proven at trial.

28      39.    By reason of the Defendants' willful and arbitrary or wanton disregard of

---

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES          12          Case No.

1  Plaintiffs' rights under the wage laws, Plaintiff is entitled to punitive damages, including without

2  limitation, general punitive damages and attorneys' fees and costs.

3  **VI.**

4  **<u>PRAYER</u>**

5      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

6  follows:

7      1.      That Plaintiff may have judgment on ALL CAUSES OF ACTION for his general,

8  economic, non-economic, special and punitive damages and other allowable damages according

9  to proof at trial;

10     2.      That Plaintiff may have judgment on the ALL CAUSES OF ACTION for his

11 reasonable attorneys' fees and costs in an amount according to proof at trial;

12     3.      That Plaintiff may have judgment on the ALL CAUSES OF ACTION for

13 prejudgment interest in an amount according to proof at trial and the law;

14     4.      That Plaintiff be awarded such other and further relief as this Honorable Court

15 deems just and proper.

16

17 DATED: November 18, 2016              **LAW OFFICE OF JOHN MERRIAM**

18

19                                       By:   s/John W. Merriam
20                                       John W. Merriam, WSBA #12749
                                         Attorney for Plaintiff LOLESIO SMITH
21                                       4005 20th Avenue West, Suite 110
                                         Seattle, WA 98199
22                                       Telephone: (206) 729-5252
                                         Fax: (206) 729-1012
23
                                         E-mail: john@merriam-maritimelaw.com
24

25

26

27

28

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES          13              Case No.

1

## VII.

2

## DEMAND FOR JURY TRIAL

3     Plaintiff hereby demands a trial by jury on all claims for relief.

4

5  DATED: November 18, 2016                    **LAW OFFICE OF JOHN MERRIAM**

6

7                                              By: __s/John W. Merriam__
                                               John W. Merriam, WSBA #12749
8                                              Attorney for Plaintiff LOLESIO SMITH
                                               4005 20th Avenue West, Suite 110
9                                              Seattle, WA 98199
                                               Telephone: (206) 729-5252
10                                             Fax: (206) 729-1012

11                                             E-mail: john@merriam-maritimelaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT; UNSEAWORTHINESS; MAINTENANCE
AND CURE; AND STATUTORY WAGES              14              Case No.

1

2

3

4

5

6

7

8                           SUPERIOR COURT OF WASHINGTON

9                              IN AND FOR KING COUNTY

10

11   MICHAEL D. CASTRO, an individual,        )   Case No.
                                              )
12                      Plaintiff,            )   **SUMMONS (20 DAY)**
                                              )
13   vs.                                      )
                                              )
14   TRI MARINE FISH COMPANY, LLC, an         )
     unknown entity; TRI MARINE              )
15   MANAGEMENT COMPANY, LLC, an              )
     unknown entity; TRI MARINE FISHING       )
16   MANAGEMENT, LLC., an unknown entity;     )
17   CAPE MENDOCINO FISHING, LP, an           )
     unknown entity; CAPE MENDOCINO          )
18   FISHING, LLC, an unknown entity; and     )
19   DOES 1 through 20, inclusive,            )
                                              )
20                      Defendants.           )
21   _____ )

22

23        TO THE DEFENDANT: A lawsuit has been started against you in the above-entitled

24   court by MICHAEL D. CASTRO, plaintiff. Plaintiff's claim is stated in written complaint, a

25   copy of which is served upon you with this summons.

26        In order to defend against this lawsuit, you must respond to the complaint by stating

27

28

---

SEAMAN'S COMPLAINT FOR PERSONAL                              **John W. Merriam**
INJURIES - JONES ACT; UNSEAWORTHINESS;              4005 20th Avenue West, Suite 110
MAINTENANCE AND CURE; AND STATUTORY                          Seattle, WA 98199
WAGES                                       T: (206) 729-5252 F: (206) 729-1012
Case No.                       1

1  your defense in writing and serve a copy upon the person signing this summons within 20

2  days after the service of this summons, excluding the day of service, or a default judgment

3  may be entered against you without notice. A default judgment is one where plaintiff is

4  entitled to what he asks for because you have not responded. If you serve a Notice of

5  Appearance on the undersigned person, you are entitled to notice before a default judgment

6  may be entered.

7       You may demand that the plaintiff file this lawsuit with the court. If you do so, the

8  demand must be in writing and must be served upon the person signing this summons.

9  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court,

10  or the service on you of this summons and complaint will be void.

11       If you wish to seek the advice of an attorney in this matter, you should do so promptly

12  so that your written response, if any, may be served on time.

13  This summons is issued pursuant to Rule 4 of Superior Court Civil Rules of the State of

14  Washington.

15

16  DATED: November 18, 2016            **LAW OFFICE OF JOHN MERRIAM**

17

18                                     By: ___s/John W. Merriam_____
                                       John W. Merriam, WSBA #12749
19                                     Attorney for Plaintiff LOLESIO SMITH
                                       4005 20th Avenue West, Suite 110
20                                     Seattle, WA 98199
                                       Telephone: (206) 729-5252
21                                     Fax: (206) 729-1012

22                                     E-mail: john@merriam-maritimelaw.com

23

24

25

26

27

28

---

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES - JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.                              2

**John W. Merriam**
4005 20th Avenue West, Suite 110
Seattle, WA 98199
T: (206) 729-5252 F: (206) 729-1012

**KING COUNTY SUPERIOR COURT**

**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

**(CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____

(Provided by the Clerk)

**CASE CAPTION:** <u>Michael D. Castro v. Tri Marine Fish Company, LLC, Tri Marine Management Company, LLC, Tri Marine Fishing Management, LLC, Cape Mendocino Fishing, LP and Does 1 through 20, inclusive</u>_____

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)

(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

☒   **Seattle Area**, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐   **Kent Area,** defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

_____   12749   _____
Signature of Attorney          WSBA Number        Date  11/22/16

or

_____   _____
Signature of person who is starting case          Date

Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

## CIVIL
Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)*

(Petition to the Superior Court for review of rulings made by state administrative agencies.( e.g. DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS, L & I))

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (MSC 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐

Property Fairness (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)

(Petition to force or confirm private binding arbitration.)

☐ Bond Justification (MSC 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Change of Name (CHN 5)

(Petition for name change, when domestic violence/antiharassment issues require confidentiality.)

☐ Certificate of Rehabilitation (MSC 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration of Opportunity (MSC 2)

(Establishes eligibility requirements for certain professional licenses)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☐ Deposit of Surplus Funds (MSC 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Foreign Subpoena (MSC 2)

(To subpoena a King County resident or entity for an out of state case.)

Page 4 of 5

☐ Frivolous Claim of Lien (MSC 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (MSC 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Non-Judicial Filing (MSC 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed.)

☐ Public records Act (PRA 2)*
(Actions filed under RCW 42.56.)

☐ Receivership (MSC 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (MSC 2)

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (MSC 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (PIN 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (WDE 2)*

(Complaint alleging death resulting from asbestos exposure.)

Page 5 of 5

**TORT, MEDICAL MALPRACTICE**

☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Implants (PIN 2)

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☒ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Page 6 of 5

Civil-CICS   Revised 6/2016

1

## CERTIFICATE OF SERVICE

2

The undersigned declares under penalty of perjury, under the laws of the State of

3

Washington, that the following is true and correct:

4

That on the 6th day of January, 2017, I arranged for service of the foregoing

5

*PRAECIPE* to the parties to this action as follows:

6

7 John Merriam, WSBA #12749
Law Office of John Merriam

8 The West Wall Building
Fishermen's Terminal
4005 20th Avenue West, Suite 110

9 Seattle, WA 98199
(206) 729-5252

10 (206) 729-1012
john@merriam-maritimelaw.com

11

12 by:

13 ☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail,
return receipt requested

14 ☐ hand delivery
☐ facsimile

15 ☒ electronic service through the Court's CM/ECF electronic system
☐ other (specify) _____

16

17

18 /s/ David R. Boyajian
David R. Boyajian, WSBA #50195

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\124474\218360\DBO\19799231.1